**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY HOWARD and SYLISSA THOMAS, )<br>as Co-Administrators of the Estate of )<br>EDWARD HOWARD, )<br>   )<br>   Plaintiffs, )<br>   )<br>   v.   )<br>   )<br>OFFICER JEFFREY MICHALEK, sued in his )<br>individual capacity; MARTHA SANDERS, )<br>sued in her individual capacity; and THE )<br>VILLAGE OF RIVERDALE, )<br>   )<br>   Defendants.   ) | No. 07 C 1356<br><br>Judge Nan R. Nolan |

## **MEMORANDUM OPINION AND ORDER**

This case involves the death of Edward Howard, who hanged himself while inside a Village of Riverdale holding cell. The incident was captured on a videotape system, which is set up in the so-called "radio room" of the police station. Defendant Martha Sanders is the individual who was assigned to watch the video monitors in the radio room at the time Mr. Howard committed suicide. Plaintiffs plan to depose Ms. Sanders regarding, among other things, her actions and observations with respect to the monitors and Mr. Howard's cell. In that regard, Plaintiffs have moved to compel Ms. Sanders to act out her movements in and around the radio room as part of her oral deposition. For the reasons set forth below, Plaintiffs' motion is denied.

### **DISCUSSION**

Plaintiffs support their motion to compel by noting that during the deposition of Deputy Chief Ryan, Plaintiffs' attorneys showed him, on an approximately 12-inch screen, video recordings of Mr. Howard and the holding cell in which he died. Deputy Chief Ryan indicated that some aspects of the cell might only be visible on a larger screen – such as the 21-inch monitors used by the Village. (Pl. Mot. ¶¶ 3, 4.) Plaintiffs confirm that their counsel is willing to "purchase a 21 inch monitor similar to those at the Village of Riverdale police department on the date of Edward

Howard's death." Nonetheless, Plaintiffs insist that the jury should be able to observe Ms. Sanders reenacting – or demonstrating – her movements at the police station, including zooming in on a particular holding cell. (*Id.* ¶¶ 5, 6.)

Plaintiffs argue that a reenactment/demonstration will assist counsel – and possibly the jury – in understanding the facts of this case. Plaintiffs note that the Village does not have the manuals and instruction books pertaining to the video surveillance system, and claim that it is difficult to understand how the system works without observing it firsthand. (Pl. Reply, at 4-8.) Defendants, however, object on several grounds. Defendants first argue that FED. R. CIV. P. 30 contemplates depositions "upon oral examination," not by reenactment or demonstration. Defendants analogize that a plaintiff in a slip-and-fall case cannot be compelled to reenact the fall; rather, he must describe in words what occurred. (Def. Resp., at 2-3.) Defendants also argue that Plaintiffs' objectives can be achieved via less intrusive means. They note that Plaintiffs themselves mention the purchase and use of a 21-inch monitor similar to those at the Village police department. In addition, the jury will be able to observe the specific area in question through videotapes depicting both 16-screen and single-screen views of the monitors in the radio room. (*Id.* at 7-8.)

The Seventh Circuit has not addressed the issue of reenactments or demonstrations during depositions. Courts in the Eastern District of Pennsylvania have allowed reenactments in cases involving industrial accidents or manufacturing defects. *See, e.g., Gillen v. Nissan Motor Corp.*, 156 F.R.D. 120 (E.D. Pa. 1994) (allowing videotaped reenactment in case involving an alleged defect in automobile seatbelts); *Carotenuto v. Emerson Elec. Co.*, No. Civ. A. 89-6298, 1990 WL 198820 (E.D. Pa. Dec. 3, 1990) (allowing videotaped reenactment in case involving injury by an allegedly defective radial arm saw); *Kiraly v. Berkel, Inc.*, 122 F.R.D. 186 (E.D. Pa. 1988) (allowing videotaped reenactment in products liability case where plaintiff was injured by defendant's meat slicer); *Moncrief v. Fecken-Kipfel America, Inc.*, No. Civ. A. 88-4930, 1988 WL 68088 (E.D. Pa. June 22, 1988) (allowing videotaped reenactment of accident involving the defendant's vertical

cutting machine). A New York court also allowed reenactment in a case where plaintiffs claimed to have suffered repetitive stress injuries from using the keyboards of the defendants' betting ticket machinery. *Brown v. General Instrument Corp.*, Nos. 93 Civ. 7907, 94 Civ. 1250, 1995 WL 244946 (S.D.N.Y. Apr. 26, 1995). *See also Roberts v. Homelite Div. of Textron, Inc.*, 109 F.R.D. 664 (N.D. Ind. 1986) (allowing videotaped reenactment in products liability case where plaintiff was injured while attempting to start a lawn mower).

More recently, a Nebraska district court allowed a videotaped reenactment by police officers accused of violating the plaintiff's civil rights. *Schmidt v. Bryner*, No. 4:06CV3285, 2007 WL 2375055 (D. Neb. Aug. 15, 2007). Unfortunately, the details of the case are not supplied in the opinion. In another case, a New York court declined to order a reenactment by a criminal defendant accused of public lewdness. *Martinez v. Port Authority of N.Y. and N.J.*, No. 01 Civ. 721 (PKC), 2005 WL 2143333 (S.D.N.Y. Sept. 2, 2005).

In the absence of any specific direction from courts in this jurisdiction, the court declines to allow the requested reenactment/demonstration. Unlike the majority of cases cited above, this case does not involve an industrial accident or seek damages in products liability. To the contrary, Plaintiffs do not allege that a defect in the videotape system caused, or even contributed to, Mr. Howard's death. As for *Schmidt*, the court does not have sufficient information about the case to draw any meaningful comparison here, and does not find it persuasive. Plaintiffs have both pictures and videotapes depicting the surveillance system in the radio room, and they are free to question Ms. Sanders as to her actions.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion to Compel the Defendants to Present Martha Sanders for a Limited Portion of her Deposition at the Village of Riverdale Police Department [Doc. 82] is denied.

ENTER:

Dated: March 3, 2008

_____
NAN R. NOLAN
United States Magistrate Judge